JOURNAL ENTRY AND OPINION,
Defendant-appellant Keith Spurgeon appeals the trial court's designating him as a sexual predator.
Spurgeon was convicted of kidnapping and raping a sixteen-year-old girl and a seventeen-year-old girl in 1981 when he offered the girls a ride and then took them to a secluded area, struck them, took one's glasses and refused to return them until she performed oral sex on him, forced both to perform oral sex on him, chased them through a rail siding area after they escaped from his car, and forcibly vaginally raped the girl he was able to catch.[1] He had cruelly taunted the one girl when he refused to return her glasses.
In 1984, he pled guilty to attempted rape of an eighteen-year-old high school student, when several of his friends successfully gang raped her while he helped to hold her down. When she tried to refuse his advances, he slapped her. He was sentenced to seven to twenty-five years.
Appellant was brought from prison for a sexual predator hearing in March 2000 and was determined to be a sexual predator. He timely appeals and states the following for his first assignment of error:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OF MORE SEXUALLY ORIENTED OFFENSES.
A sexual predator is defined in the statute as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Spurgeon argues that although he was convicted of a total of four rapes, one gross sexual imposition, two kidnappings, and one attempted rape in two separate incidents involving three girls, he is not likely to engage in the future in one or more sexually oriented offenses. He supports this argument with the fact that while in prison he completed a sexual offender treatment program and an aftercare program. He also wrote his own paper addressing how he plans to avoid raping women again.
The criteria the court is to use in determining whether to designate someone a sexual predator are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender has completed any sentence for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or metal disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C.2950.09(B)(2) in making his or her findings. State v. Cook (1998),83 Ohio St.3d 404, 426. Multiple exhibits were entered into evidence, including Spurgeon's Relapse Prevention Plan and reports on him after he completed the Monticello Sexual Offender's treatment and the Aftercare course. The only exhibits Spurgeon objected to were the victim impact statements, which the prosecutor read into evidence. These statements were portions of the transcripts from Spurgeon's prior sentencings. The court did not rule on the objection, but it also did not reference the victims' statements in its oral decision handed down from the bench.[2]
Spurgeon claims that the court erred when it quoted from the psych report of 1995 in which the psychologist determined Spurgeon to be a medium to high risk to persons and property. His likelihood of successful parole was determined to be below average, given he is a repeat offender who lacks programming which specifically addresses sexual offending. Tr. at 65. Because he completed the sexual offender program in 1998, Spurgeon claims that this assessment is no longer correct. He had the opportunity, however, to update this assessment when the court granted his motion that Costs of Independent Psychological Expert be Paid by the Court on February 8, 2000. The court ordered him to provide the state with notice of the psych exam and a copy of it. Spurgeon made no mention of any updated psychological exam at the sexual predator hearing on March 31, 2000, nor did he request any extension of the hearing to accommodate a psychological exam. He cannot complain that the court relied on an exam which was five years old when his own failure to follow through with a more recent exam prevented the court from having more current information.
Spurgeon also complains that the court failed to take into consideration his completion of the Monticello Sex Offender Treatment Program and the Aftercare Program. The court explicitly stated in its oral decision that [a]lthough defendant may have accomplished some positive things while in prison, the Court finds no evidence to overcome this assessment by the medical professionals who examined him a mere five years ago. Id. Spurgeon correctly points out that he did complete the program and that therefore the psych report is stale. Only a portion of the psych exam relied on the lack of participation in an offender program, however.
A significant portion of the psych exam found Spurgeon to have a compulsive personality disorder. See P.S.I. report, psych exam at 2. This disorder is evident in his passive ambivalent personality. Id. The examiner, while recommending sex offender treatment, indicated that based upon his exam, Spurgeon's behavioral style is not likely to change, * * * and he may be reluctant, even obstinate about making changes. The examiner noted that Spurgeon would need a relapse prevention program which would identify problem behaviors and provide viable alternatives. Id. (Emphasis added.)
A review of the evidence shows that although Spurgeon completed the program and the Aftercare program, there is clear and convincing evidence that he did not adequately benefit from the program, and that he is therefore likely to commit sexual offenses when he returns to society.
For example, Spurgeon does identify that he raped the girls because he was angry at them for not wanting to have sex with him. Prior to the attempted rape in 1984, he felt justified in sexually assaulting the victim because by dancing with him and going with a group to a party with him and his friends, she led him to believe that she wanted to have sex with him. In his anger, he felt ripped off by her and felt she deserved to be raped. The viable alternative he suggests in his plan is to call the police when I feel ripped off. It is unlikely that the police would be receptive to a man complaining because a woman he just met refused to have sex with him.
In his plan, Spurgeon also identifies that he got into trouble because he was looking for excitement when he raped the first two girls. His replacement activity to duplicate that feeling of excitement would be to plan a chess tournament. Clearly this is not a realistic alternative. Nor is the intellectual exercise of imagining how he would respond to the stressors which caused him to act out in the first place a sufficient guarantee.
As noted above, the trial court was not required to list its reasons for finding Spurgeon to be a sexual predator. The record, however, contains clear and convincing evidence to support the court's designation. Spurgeon was nineteen at the time of the first offense and twenty-two at the time of the second offense. He is now thirty-seven years old. He has a prior criminal record (which he lied about in his initial psych evaluation in 1985) including a domestic violence conviction for beating up one of his girlfriends. Spurgeon has had multiple sexual victims, ages sixteen, seventeen, and eighteen years old, all high school students. Spurgeon was diagnosed as having a compulsive personality disorder, which makes him unlikely to be able to change his behavioral style. Spurgeon's sexual contact with his victims demonstrated a pattern of abuse in that he felt that if his victim did not want to have sex with him, he was ripped off and the victim deserved to be raped in revenge for the rejection. Spurgeon displayed cruelty in his crimes, in that he taunted one victim by telling her he would not return her glasses if she did not perform oral sex on him and he helped hold down another while his friends gang raped her. He also struck each of his victims in order to force them to submit.
On cross-examination, the prosecutor elicited testimony from Spurgeon which contradicted both the records of the previous trials and Spurgeon's statements in his relapse prevention plan concerning the events which made up those offenses. For example, in this case, he claimed that the reason he felt ripped off by the two girls in his first crime was that they had his wallet. Nowhere else in the record is there any indication that he raped those girls for any reason other than they refused to have consensual sex with him. This discrepancy with the facts already in evidence provides the trial court with clear and convincing evidence that although Spurgeon completed the sex offender program, he is still a high risk for reoffending because he is not facing his crimes realistically.
At the sexual predator hearing, Spurgeon also denied punching the girls. This denial is contradicted by a police report, introduced into evidence by the state without objection, which states that one of the victims was treated for abrasions and contusions of the head at Metro Hospital immediately following the rape.
Spurgeon also testified that if he saw a woman in a wet T-shirt contest, he would consider her to be exhibiting seductive behavior, but would resist acting in a negative way toward her by having a hallmark moment in which he thought of a great woman like a teacher educating the young. On the other hand, he further testified that he would consider the woman in the wet T-shirt as being seductive, which he defined as: making yourself available. The trial court easily could have found that his unrealistic assumption that the way a woman dressed was her signal that she was available for sex placed Spurgeon at high risk of reoffending by forcing sex on a woman he mistakenly assumed was making herself available to him.
 The trial court did not err in finding that Spurgeon is at high risk of reoffending and in labeling him, therefore, a sexual predator. For his second assignment of error, appellant states
 II. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
This court previously addressed the issue of separation of powers in State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported, 2000 Ohio App. LEXIS 5705, at *7-8.
For his third assignment of error, appellant states
 III. THE ADJUDICATION PROVISIONS OF OHIO'S SEXUAL PREDATOR STATUTE VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION.
This court previously addressed this issue also and found it to be without merit in both Gibson, supra at *8-12 and in State v. Ward (1999), 130 Ohio App.3d 551 at 574-576. We will not address the issue again.
Because the trial court did not err in finding Spurgeon to be a sexual predator, the judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The other girl hid in a boxcar until he left, then she found her friend and obtained help.
[2] Even if the court had relied on the victim impact statements, Spurgeon's hearsay objection would not have had merit. The court in Cook held that [a] sexual predator classification hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. * * * Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge. Cook at 425. The victim impact statements were part of the record of the sentencing hearing. They were not inadmissible hearsay.